**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TRAVIS ALLISON,<br><br>Plaintiff,<br><br>v.<br><br>MIKE ANDERSON CHEVROLET OF CHICAGO LLC, et al.,<br><br>Defendants. | No. 25 CV 9103<br><br>Judge Manish S. Shah |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Travis Allison bought a Dodge Challenger from defendant Mike Anderson Chevrolet of Chicago in March 2025. Defendant Santander Consumer USA Inc. financed the transaction. The dealership provided Allison with a retail installment agreement but not a bill of sale. Allison alleges that Mike Anderson Chevrolet failed to transfer the title or register the vehicle in his name, which resulted in police officers pulling Allison over multiple times. Allison sent a demand letter to Mike Anderson Chevrolet and made complaints to the Consumer Financial Protection Bureau and Illinois Secretary of State. Thirteen days after Allison's purchase, a court in Indiana appointed defendant Michael Shanahan as the receiver for Mike Anderson Chevrolet and related entities. Allison, proceeding without counsel, sued Shanahan, Mike Anderson Chevrolet, and Santander, alleging breach of contract and violations of the Uniform Commercial Code Article 9, the Illinois Consumer Fraud and Deceptive Practices Act, and the Truth in Lending Act.

Allison moves to amend his complaint to add additional claims against Santander, Mike Anderson Chevrolet, and Shanahan. Mike Anderson Chevrolet and Shanahan move for judgment on the pleadings and for sanctions against Allison for violating court orders, pursuing discovery during a discovery stay, and making false statements here and in a related Cook County case. For the reasons discussed below, Allison's motion for leave to file a second amended complaint is denied, Mike Anderson Chevrolet and Shanahan's motions for sanctions are granted, and Mike Anderson Chevrolet and Shanahan's motion for judgment on the pleadings is denied as moot. Allison's case, including stayed claims against Santander, is dismissed with prejudice.

## I. Legal Standards

Under Rule 15(a)(2), a party may amend its pleading "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts should "freely give leave when justice so requires." *Id.* But district courts may deny motions to amend if the amendment would be futile, the motion was brought with undue delay or bad faith, or where amendment would cause undue prejudice to the opposing party. *R3 Composites Corp. v. G&S Sales Corp.*, 960 F.3d 935, 946 (7th Cir. 2020). An amendment is futile if it fails to state a claim upon which relief can be granted. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & N.W. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015).

District courts have the inherent power to issue sanctions "for conduct which abuses the judicial process." *Salmeron v. Enter. Recovery Sys. Inc.*, 579 F.3d 787, 793

(7th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991)). Sanctions pursuant to the court's inherent power "are appropriate where the offender has willfully abused the judicial process or otherwise conducted litigation in bad faith" including a pattern of violating court orders. *Id.*; *Pendell v. City of Peoria*, 799 F.3d 916, 917 (7th Cir. 2015). When issuing sanctions, dismissal is within the court's discretion. *Salmeron*, 579 F.3d at 793. "[A] court may dismiss a suit after the plaintiff has willfully refused to comply" with the court's orders and when the plaintiff has been warned that their actions may lead to dismissal. *Pendell*, 799 F.3d at 917.

## II. Facts

In March 2025, Travis Allison purchased a Dodge Challenger from Mike Anderson Chevrolet of Chicago. [20] ¶ 9.[1] Allison was pre-approved for a $700 down payment but the dealership required him to put $1,000 down and allegedly ran multiple unauthorized credit inquiries. *Id.* ¶ 11. Allison paid $1,000 and Santander Consumer USA Inc. financed the transaction. *Id.* ¶¶ 9–10. During the purchase, Allison received a retail installment agreement but not a bill of sale. *Id.* ¶ 10. Allison's retail installment agreement reflects a cash price of $25,188.30 and total payments under the agreement of $59,062.50. *Id.* ¶ 26. Thirteen days after Allison bought the car, an Indiana state court appointed Michael Shanahan receiver over Mike Anderson Chevrolet. *Id.* at 73–74.

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. The facts are taken from plaintiff's first amended complaint, [20].

After the purchase, the conflict between Mike Anderson Chevrolet and Allison started with the car's title and registration. The dealership sent Allison a power of attorney form that Allison signed but did not notarize or return. *Id.* ¶ 13. Allison alleges that Mike Anderson Chevrolet failed to process the car's title transfer and register the vehicle. *Id.* ¶ 14. Because of this, Allison was unable to obtain permanent tags or registration, and law enforcement officers pulled him over multiple times. *Id.*

A month later, Allison sent a demand letter to Mike Anderson Chevrolet asking for documentation and clarification of the title and contract status. *Id.* ¶ 15. Mike Anderson Chevrolet did not respond. *Id.* Shortly after he sent the letter, Allison received a call from Shanahan, acting as receiver for the dealership, during which Shanahan threatened to repossess the car. *Id.* ¶ 16. Shanahan also texted Allison saying that he was in breach of contract because he had not titled the car, asking Allison to have his attorney call him, and attaching the order appointing him receiver. *Id.* at 72. Allison complained to the Consumer Financial Protection Bureau and the Illinois Secretary of State. *Id.* ¶¶ 17–18. Through these complaints, Allison learned that Mike Anderson Chevrolet had repurchased the car's contract, Santander closed the account, and that the vehicle remained titled to Mike Anderson Chevrolet. *Id.* ¶¶ 17–18.

In August 2025, Allison, proceeding pro se, sued Mike Anderson Chevrolet, Shanahan, and Santander.[2] [1]. A couple months later, Allison filed an amended

---

[2] Allison has also raised claims related to the purchase of the Dodge Challenger in three other forums: the receivership proceedings in Lake County (Indiana) Superior Court, another case

complaint alleging breach of contract and violations of the Illinois Consumer Fraud and Deceptive Practices Act, the Federal Truth in Lending Act, and Article 9 of the Uniform Commercial Code. [20] ¶¶ 71–90. In April 2026, I ordered Allison to proceed with his claims against Santander in arbitration, pursuant to an arbitration agreement accompanying Allison's retail installment contract. [76].

Allison moves for leave to file a second amended complaint and Mike Anderson Chevrolet and Shanahan move for sanctions and judgment on the pleadings. [63]; [98]; [111]; [133]. In his proposed second amended complaint, Allison asserts new claims against Santander for violations of the Fair Credit Reporting Act and Fair Debt Collection Practices Act. [67] ¶¶ 60–81. Allison also asserts new claims against Shanahan for intentional infliction of emotional distress, wrongful repossession threats, and defamation. [67] ¶¶ 49–57. Finally, Allison asserts a claim for a declaratory judgment that he is the lawful owner of the Dodge Challenger and is entitled to the car free and clear of any encumbrance. [67] ¶¶ 58–59.

## III. Analysis

### A. Leave to File a Second Amended Complaint

Allison argues that amendment is warranted based on documents Santander produced in discovery. [63] at 1–3. In the introduction to his motion, Allison represents that the proposed amendment adds just three new counts against Santander. [63] at 1. But Allison's proposed amended complaint also adds additional

in Indiana state court, and in the Circuit Court of Cook County. [98-1] at 4; [98-2] at 2; [133-2].

claims against Shanahan and Mike Anderson Chevrolet. [67] ¶¶ 49–59.[3] Those defendants argue that Allison's motion should be denied because the stated purpose is futile, the motion reflects bad faith, and allowing amendment would cause undue prejudice. [84].

*1. Santander*

Mike Anderson Chevrolet and Shanahan argue that Allison's proposed amended claims against Santander must be raised in arbitration. [84] at 1. I agree, and I have already ruled that Allison must pursue his claims against Santander in arbitration. [76] at 4. Allison acknowledges this himself—just a few months ago he filed a status update confirming that he and Santander were arbitrating. [113] at 1. The arbitration agreement between Allison and Santander covers "*any* dispute arising out of or related to the purchase" of the Dodge Challenger. [69-2] at 10 (emphasis added). Therefore, it covers Allison's proposed claims for violations of the Fair Credit Reporting Act and Fair Debt Collection Act—both of which arise from Santander's conduct related to Allison's purchase of the Dodge Challenger. [67] ¶¶ 60–81. Because arbitration is the proper forum for his claims against Santander, amendment of the complaint to add these claims would be futile. *See Johnson v.*

---

[3] In other filings, Allison says that he will assert civil RICO claims against the defendants and other individuals who are not parties to this case. [105] at 6. Allison's proposed amended complaint does not contain civil RICO claims. [67]. In a recent state court filing, Allison says that his federal case asserts "RICO, wire fraud, bank fraud, Hobbs Act extortion, money laundering, obstruction, and breach of contract" claims. [133-2] at 4. Neither the operative complaint nor Allison's proposed second amended complaint assert RICO, wire fraud, bank fraud, extortion, money laundering, or obstruction claims.

*Orkin, LLC*, 556 Fed.App'x 543, 545 (7th Cir. 2014) (proposed amendments to complaint were futile because arbitration agreements covered claims).

*2. Shanahan*

Allison's proposed amended complaint adds claims against Shanahan for intentional infliction of emotional distress, threats of wrongful repossession, and defamation.[4] [67] ¶¶ 49–57. Allison also wants to add Shanahan to the Illinois Consumer Fraud and Deceptive Business Practices Act claims. [67] ¶¶ 41–45. Shanahan and Mike Anderson Chevrolet argue that because Shanahan is a court-appointed receiver for Mike Anderson Chevrolet, Allison was required to obtain leave from the Indiana receivership court before suing Shanahan. [84] at 2. Allison argues that the leave requirement does not apply to tort claims against a receiver. [90] at 4.

"It is a general rule that before suit is brought against a receiver leave of the court by which he was appointed must be obtained." *Barton v. Barbour*, 104 U.S. 126, 127 (1881). In *Barton*, the plaintiff sued the receiver of a railroad in the District of Columbia for injuries that she sustained while using the railroad. *Id.* at 127. A state court in Virginia appointed the receiver, and the Court held that the plaintiff was required to seek leave of that court before suing the receiver. *Id.* at 136–137. The

[4] Allison's proposed second amended complaint says that the "wrongful repossession threat" claim is also against Mike Anderson Chevrolet. [67] ¶¶ 52–54. However, Allison only pleads facts related to Shanahan and fails to allege facts that support a wrongful repossession threat from Mike Anderson Chevrolet. A district court "may deny leave to amend where the proposed amendment fails to allege facts which would support a valid theory of liability." *Jafree v. Barber*, 689 F.2d 640, 644 (7th Cir. 1982) (quoting *Verhein v. South Bend Lathe*, 598 F.2d 1061, 1063 (7th Cir. 1979)).

same applies here. The Indiana court appointed Shanahan as the receiver over Mike Anderson Chevrolet on April 2, 2025. [67] ¶ 20. The receivership order granted Shanahan immediate control and possession of all of Mike Anderson Chevrolet's assets and directed him to manage its affairs. [98-1] at 2–3.

Allison claims that Shanahan's threats to repossess the car were "ultra vires acts." [67] ¶ 21–22. But Allison cannot make Shanahan's acts ultra vires simply by labeling them that in the proposed amended complaint. On June 17, 2025, Shanahan was acting as receiver for Mike Anderson Chevrolet and told Allison that. [20] at 72; [67] ¶ 20. Allison's proposed claims against Shanahan for intentional infliction of emotional distress, threats, and defamation are for actions he allegedly took after the Indiana court appointed him as the receiver for Mike Anderson Chevrolet and are related to one of Mike Anderson Chevrolet's transactions.[5] Allison needed leave of the appointing court before suing Shanahan and did not seek that leave. *Luxury Townhomes, LLC v. McKinley Props., Inc.*, 992 N.E.2d 810, 815–16 (Ind. Ct. App.

[5] Allison argues, citing *Carter v. Rodgers*, 220 F.3d 1249 (11th Cir. 2000) and *Loyd v. Loyd*, 731 F.2d 393 (7th Cir. 1984), that a personal tort exception applies to the *Barton* doctrine. [105] at 5. *Carter*, 220 F.3d at 1254, discusses 28 U.S.C. § 959(a), which provides an exception to the *Barton* doctrine for receivers of a property "carrying on business" of the property. Federal courts that have examined whether 28 U.S.C. § 959(a) applies to receivers appointed by state courts, like Shanahan, have concluded that it does not. *See e.g.*, *OHM Sys., Inc. v. Park Place Corp.*, No. 1:19-CV-0907, 2020 WL 2572203, at *5 (S.D. Ohio May 21, 2020) ("Federal courts have held that § 959(a) applies only to receivers appointed by federal courts and does not apply to receivers appointed by state courts."); *In re Jefferson Cnty., Ala.*, 484 B.R. 427, 458–459 ("[G]iving this statute the breadth accorded by current case law application, its history, and its placement in the Code, § 959(a) is limited to trustees, receivers, managers, and debtors in possession who are *officers of the courts of the United States*.) (emphasis in original); *Republic Bank of Chi. v. Lighthouse Mgmt. Grp., Inc.*, 829 F.Supp.2d 766, 773 (D. Minn. 2010) ("Section 959(a) does not permit maintenance of this action against Lighthouse because Lighthouse was appointed by a state court."). *Loyd*, 731 F.2d at 383, does not relate to a personal tort exception to the *Barton* doctrine.

2013) ("[W]hen one seeks to sue a receiver in an independent action, 'there is a condition precedent that leave to sue the receiver must be obtained from the receivership court.'" (quoting *Hazifotis v. Citizens Fed. Sav. & Loan Ass'n*, 537 N.E.2d 35, 38 (Ind. Ct. App. 1989))). Without leave to sue Shanahan from the receivership court, Allison's proposed claims against Shanahan are futile.

*3. Declaratory Judgment*

Allison wants to add claims under 28 U.S.C. § 2201, the Declaratory Judgment Act, against all parties for a declaratory judgment that he is the owner of the Dodge Challenger, the arbitration agreement is unenforceable, Santander holds no lien on the vehicle, and that he is entitled to the title of the car free of any encumbrance. [67] ¶ 59. "It is well established that the Declaratory Judgment Act does not create an independent cause of action. It provides only an additional form of relief." *Sieving v. Cont'l Cas. Co.*, 535 F.Supp.3d 762, 774 (N.D. Ill. 2021) (quoting *Morris v. Mfrs. Life Ins. Co.*, No. EV 95-142-C H/H, 1997 WL 534156, at *10 (S.D. Ind. Aug. 6, 1997)).

Courts also have discretion to decline to hear declaratory judgment claims. *Tempco Elec. Heater Corp. v. Omega Engineering. Inc.*, 819 F.2d 746, 747 (7th Cir. 1987). Here, I have already decided that the arbitration agreement is enforceable, and any question about Santander's lien should also be decided in arbitration. [76] at 4. That leaves Allison's proposed claims about who owns the car. Granting Allison leave to amend is unnecessary to resolve that question. Allison already asks for declaratory relief regarding the ownership of the car in his first amended complaint. [20] at 27–28. And under Federal Rule of Civil Procedure 54(c), a final judgment

would grant Allison any relief to which he is entitled, even if he has not demanded that relief in the pleadings. Fed. R. Civ. P. 54(c). Therefore, Allison's proposed claim for a declaratory judgment is also futile.

Because amendment of the complaint would be futile, Allison's motion for leave to file a second amended complaint is denied. *Moore v. State of Ind.*, 999 F.2d 1125, 1131 (7th Cir. 1993) (affirming denial of motion to amend where efforts to amend were futile).

**B. Sanctions**

Mike Anderson Chevrolet and Shanahan move for sanctions against Allison in two motions. [111]; [133]. In their first motion, Mike Anderson Chevrolet and Shanahan allege that Allison violated court orders regarding page limits, limitations on further briefing, and a discovery stay, and made false statements to the court about Shanahan. [111]. In their second motion, they argue that Allison violated another court order stating that no further filings were necessary, misstated settled law, and made false statements to a Cook County court about this case. [133].

District courts have the inherent authority to issue sanctions, including dismissal, for conduct that abuses the judicial process. *Salmeron*, 579 F.3d at 793. Dismissal is a particularly severe sanction but may be imposed when lesser sanctions would be ineffective. *See Secrease v. W. & S. Life Ins. Co.,* 800 F.3d 397, 402 (7th Cir. 2015) (monetary sanctions would probably not influence the behavior of a plaintiff proceeding in forma pauperis).

Allison has repeatedly burdened the court with unnecessary filings. He filed a motion relying on a local rule that had been abrogated three years ago (apparently without verifying his sources). [116]; [122]. He attempted to appeal a non-appealable order. [78]; [86]; [120]. He mischaracterized caselaw and then withdrew his citation (through an extraneous motion for leave to file a surreply) only after defendants pointed out his misrepresentation. *See* [112] at 9; [123] at 4; [125] at 3; [130] at 5:12–21.

Worse yet, he disregarded court orders. In May 2026, Allison filed a motion to compel and a motion for sanctions. [91]. Mike Anderson Chevrolet responded, and I allowed Allison to reply in support of his motions and respond to any motion for protective order or judgment on the pleadings. [97]. I disallowed further briefs. [97]. Allison moved to file an oversized combined reply brief. [103]. I ruled that he could file a consolidated brief limited to 20 pages. [104].

After I told Allison that (1) no further briefing was permitted after his combined reply and (2) to file only 20 pages in response to the pending motions, Allison filed a 14-page combined reply (along with 213 pages of exhibits and descriptions with additional argument) and then a series of other documents including further arguments that pushed his briefing well above the 20-page limit.[6] *See* [106]; [107]; [109]. Allison may have labeled these additional documents as declarations in support of his combined reply brief and notices of supplemental

[6] Allison also disregarded a discovery stay. [97]. Allison knew that discovery was stayed and continued to serve subpoenas on third parties. *See* [101].

authority, but they also contained (and repeated) arguments. For example, in [106] at 4–5, Allison argued for multiple pages that Shanahan made false statements to the Indiana court—an argument that Allison already put forth in his combined reply. In [107], Allison added 13 pages of argument about Shanahan's statements and abstention. And in [109], Allison continued to make arguments about various exhibits.

Just a few weeks later—after Mike Anderson Chevrolet and Shanahan filed their initial motion for sanctions—I warned Allison that dismissal of his lawsuit might be an appropriate sanction if I concluded that he was abusing the filing system and not following the rules. [130] at 5:22–63. I also told him that he was filing things unnecessarily that were not advancing the lawsuit. [130] at 4:19–24. And I reiterated that no further filings were necessary on the motion for sanctions. [124].

Allison did not heed the warning and filed another notice of supplemental authority containing additional arguments about the pending motion for sanctions. [128]. In his notice of supplemental authority, Allison argues that Mike Anderson Chevrolet and Shanahan filed their sanctions motion in bad faith because, after filing it, they offered to settle the case. [128] at 2. In response to Allison's notice of supplemental authority, Mike Anderson Chevrolet and Shanahan moved for sanctions again. [133]. In their second motion for sanctions, Mike Anderson Chevrolet and Shanahan argue that Allison's additional filing violated the court's order that no

further filings were necessary on the pending motion for sanctions, and that Allison misstated settled law. [133] at 1–4. I agree.[7]

Allison knew that no further filings were permitted on the pending motion for sanctions. Allison also should have known that his argument that the offer of settlement proved that the pending motion for sanctions was made in bad faith was not supported by existing law—Allison cites no law in his brief and was advised by Mike Anderson Chevrolet and Shanahan's counsel that the settlement offer did not concede the merits of his claims. *See Jones v. Kankakee Cnty. Sheriff's Dept.*, 164 F.4th 967, 971 ("[I]n no way will we allow a court filing to include misrepresentations on legal or factual points that an unrepresented party knows or should know exist.").

"Dismissal is warranted only in those situations where a litigant disregards the court's orders or engages in unreasonable delay." *Mitchell v. Union Pac. R. Co.*, 501 F.3d 794, 896 (7th Cir. 2007). Factors relevant to whether to dismiss include "the plaintiff's pattern of and personal responsibility for violating orders, the prejudice to others from that noncompliance, the possible efficacy of lesser sanctions, and any demonstrated merit to the suit." *Pendell*, 799 F.3d at 917.

Here, Allison disregarded orders to stay discovery, refrain from filing more briefs, and limit his briefing to 20 pages. [104]. And he has done so by finding slippery

---

[7] Mike Anderson Chevrolet and Shanahan also argue that Allison should be sanctioned here because he made false statements to a Cook County court about the nature of his federal case. [133] at 4–5. Allison argues that his statements were accurate and in good faith. [136] at 8. Mike Anderson Chevrolet and Shanahan are correct that Allison made false statements to the Cook County court about his claims in this case. But those false statements did not interfere with the integrity of these proceedings, so I decline to sanction Allison for that conduct.

ways—like labeling his additional briefing "notice of supplemental authority" and "declaration in support"—to get around my instructions. Allison also continued to disregard orders and filed yet another "notice of supplemental authority" after I warned him explicitly that continuing to abuse the filing system and failing to follow the rules could result in dismissal of his case. [130] at 4:3–5, 5:22–6:3; *Hoskins v. Dart*, 633 F.3d 541, 544 (7th Cir. 2011) ("We have upheld dismissals after district courts have warned litigants about consequences of disobeying other court rules that are needed to manage judicial business.").

"A litigant's pro se status does not afford license to disobey orders" from the court. *Mitchell*, 501 F.3d at 896. In *Mitchell*, 501 F.3d at 795, a pro-se litigant's appeal was dismissed after he was warned that failing to file a rule-compliant brief could result in dismissal and did so anyway. ("In light of our warning and Mr. Mitchell's reluctance to heed our orders, dismissal is an appropriate remedy."). Here, Allison has repeatedly disregarded my instructions, failed to heed a warning about the dismissal of his case, and lesser sanctions are unlikely to be effective. While serious, dismissal is an appropriate sanction. *See e.g.*, *Augusta v. Karlin*, No. 25-1235, 2026 WL 1093345, at *2 (7th Cir. Apr. 22, 2026) (upholding a dismissal of a pro-se litigant's case after a pattern of disregarding court orders). Allison's case, including the stayed claims against Santander, is dismissed with prejudice.

## IV. Conclusion

Allison's motion for leave to file a second amended complaint, [63], is denied. Mike Anderson Chevrolet and Shanahan's motions for sanctions, [111] and [133], are

granted, and Mike Anderson Chevrolet and Shanahan's motion for judgment on the pleadings, [98], is denied as moot. Allison's complaint, [20], is dismissed with prejudice. Enter judgment and terminate civil case.

ENTER:

Manish S. Shah
United States District Judge

Date: October 27, 2026